UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAHBORN ALLAH, | ) | C/A No. 4:10-00040-MJP-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Lahborn Allah ("Petitioner/Allah"), a *pro se* prisoner, seeks habeas relief pursuant

to 28 U.S.C. § 2254[1]. This matter is before the Court on the Respondent's motion for summary

judgment (doc. # 14).

The Petitioner filed this petition for a writ of habeas corpus on January 8, 2010. On April

8, 2010, the Respondent filed a motion for summary judgment, along with supporting memorandum

and exhibits. The undersigned issued an Order filed April 9, 2010, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment

procedure and the possible consequences if he failed to respond adequately. Petitioner filed a one

page response on May 5, 2010.

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein.

Petitioner is presently confined in the McCormick Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Richland County convictions and sentence. The Richland County Grand Jury indicted Petitioner at the September 2004 term of court for Assault with Intent to Kill (2000-GS-40-52956), Kidnapping (2000-GS-40-52955), Armed Robbery (2000-GS-40-52954), and Burglary, First Degree (2000-GS-40-52953). Petitioner was represented by George McElveen, Esquire. The State was represented by Deputy Assistant Solicitor Knox McMahon, Esquire, and Assistant Solicitor Dana Pellizzari, Esquire, of the Fifth Judicial Circuit. On April 16, 2001, the State filed a Notice of Intent to Seek Life Without Parole on April 16, 2001. (App. 424). On April 1-3, 2002, Petitioner was tried by a jury before the Honorable Henry F. Floyd, Circuit Court Judge. Id. On April 3, 2002, Petitioner was found guilty on all four charges. (App. 416-17). The Honorable Henry F. Floyd, Circuit Court Judge, sentenced Petitioner to life without parole on the first degree burglary conviction, thirty (30) years confinement on the armed robbery conviction, ten (10) years confinement on the assault with  intent to kill conviction, all to be served concurrently. (App. 425). The sentence on the kidnapping charge was subsumed by the life sentence on the burglary conviction. Id.

**Direct Appeal**

Petitioner timely filed a Notice of Appeal. On appeal, Petitioner was represented by Daniel

T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense. Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant. In the Final Anders Brief of Appellant, counsel raised two arguments. First, counsel argued the court erred when it refused to permit appellant to impeach key witness Tyrone Ray with his prior conviction of possession with intent to distribute powder cocaine. Second, counsel argued the life without parole sentence was cruel and unusual where the previous predicate offense occurred when appellant was only sixteen. Petitioner also filed a pro se response to the Anders Brief. In his pro se response, Petitioner argued that the trial court erred in its finding that the eyewitness identification by Mr. Ray was not unnecessarily suggestive under Neil v. Biggers and Manson v. Braithwaite. In a Memorandum Opinion filed September 10, 2003, the South Carolina Supreme Court dismissed Petitioner's appeal. The Supreme Court stated the appeal was dismissed under Rule 220(b)(1), SCACR, after consideration of appellant's pro se brief and review pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel's motion to be relieved was granted. The Remittitur was issued on September 26, 2003.

**PCR Action**

Petitioner filed an Application for Post-Conviction Relief on January 8, 2004 (2004-CP-40-0080), asserting ineffective assistance of counsel. Specifically, Petitioner alleged counsel failed to cover all lines of defense and investigation. The State filed its Return on September 21, 2004. (App. 490-94). On May 12, 2006, Petitioner filed an Amended Application for Post-Conviction Relief. (App. 487-89). In this amended pleading, Petitioner asserted that trial counsel was ineffective for failing to challenge the indictments in his case where they were handed

down before Petitioner received a preliminary hearing which was requested in a timely manner. (App. 487). Petitioner also asserted trial counsel was ineffective for failing to challenge pre-indictment delay inasmuch as his arrest warrants were signed 5/25/00 and the grand jury foreperson signed off on the true bill indictments on 9/13/00; - well after the time limit in Rule 3(c) of the SCRCrimP. (App. 487). Third, Petitioner asserted trial counsel was ineffective in failing to adequately challenge the state's case based upon the following: A) the fact that Petitioner was never picked out of a photo lineup; B) the fact that there was no physical evidence of an assault, such as medical records; C) the fact that the witness could not recall height and weight of the perpetrator; D) the fact that the eye witness described car as a Chrysler; and E) the State's failure to produce pictures of the crime scene. (App. 487-88). Petitioner also asserted that he believed trial counsel was ineffective for failing to review the transcript of his first trial that ended in a hung jury in February 2000. (App. 488).

An evidentiary hearing was held May 18, 2006, before the Honorable L. Casey Manning, Circuit Court Judge. (App. 495-549). Petitioner was present and was represented by Tara Dawn Shurling, Esquire. The State was represented by Assistant Attorney General Sabrina Todd, Esquire. On July 17, 2007, the PCR Court filed its Order Denying Post-Conviction Relief. (App. 550-58). In the Order of Dismissal, the PCR Court noted the case arose from the invasion of the home of Tyrone Ray by two men and the kidnapping of Ray's young son, T. G. (App. 552). The crimes occurred at dusk. (Trial tr. p.157, lines 19-22.) (App. 552). Ray was beaten during the invasion and the perpetrators left with Ray's son, cash, photographs, and jewelry. (Trial tr. p.154, lines 6-25.) (App. 552). At trial, Petitioner was identified as one of the perpetrators by Ray and his son. (Trial tr. p. 173, line 22 -p. 174, line 9; p. 231, line 18 - p.232, line 3.) (App. 552).

The PCR Court had the opportunity to review the record and heard the testimony and arguments presented at the PCR hearing. (App. 552). The PCR Court further had the opportunity to observe each witness who testified at the hearing, and to pass upon their credibility. Based on the evidence and testimony presented, the PCR Court found and concluded Petitioner had not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. (App. 557). Counsel was not deficient in any manner, nor was Petitioner prejudiced by counsel's representation. Id. Therefore, the PCR application was denied and dismissed with prejudice. Id.

**PCR Appeal**

Petitioner timely filed his Notice of Appeal on August 2, 2007. On appeal, he was represented by Kathrine H. Hudgins, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a Petition for Writ of Certiorari. In the Petition, Petitioner argued the PCR judge erred in refusing to find counsel ineffective for failing to call Carmen Delinby as an alibi witness.

In an Order filed January 6, 2009, the South Carolina Supreme Court transferred Petitioner's case to the South Carolina Court of Appeals. In an Order filed November 23, 2009, the South Carolina Court of Appeals issued an Order that denied the Petition for Writ of Certiorari. In the Order, the Court of Appeals stated this matter was before the Court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief. The petition was denied. The Remittitur was issued on December 9, 2009.

## II. HABEAS ALLEGATIONS

Petitioner raised the following allegations in his habeas petition, quoted verbatim:

GROUND ONE:                 Ineffective Appellate Counsel

SUPPORTING FACTS:           Flaw in indictment for First degree burglary - which
                            in part states entered during hours of darkness
                            Volume page

                            Ray page 25 line 1-6
                            Anderson page 58 line 17 - page 60 line 4-7
                            Judge page 414 line 2-5 & 12-13-14-21- page 415 line 1-3
                            the trial was over + was bases on the indictment that existed
                            before he changed it page 434

GROUND TWO:                 Ineffective counsel - failure to obtain & Reserch[sic]
                            transcript of first trial (Hung Jury) & failure to look
                            into juvenile case

SUPPORTING FACTS:           page 44 line 15 & page 225 line 9-18
                             lawyer McElveen failed to remember witness Volume II
                            page 545 line 11-16
                            page 546 line 1-7
                            page 421 line 11-13
                            the court failed to produce a transfer Order

GROUND THREE:               Direct Appeal lawyer failed to argue the trial judge
                            error for allowing tainted identification

SUPPORTING FACTS:           p. 420 line 25 - p. 421 line 1-2 p. 67 line 17-25 p. 68
                            103 p. 69 line 20-23
                            fact I'm not light skin - was & never will be
                            page 70 line 11-12

GROUND FOUR:                P.C.R. Judge err in refusing to find trial counsel
                            ineffective for failing to call alibi witness

SUPPORTING FACTS:           page 527 line 23-25
                            Page 528 line 1-3

(Doc. #1).

### III.  SUMMARY JUDGMENT

As stated above, on April 8, 2010, Respondent filed a return and memorandum of law in support of their motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases.  <u>See Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court

 assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  <u>See</u> Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is

different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V.  DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)     An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)     A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction.  The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal

and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

### 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a

second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court,

and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492.

To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

The Respondent contends that the issues raised in this habeas petition are technically exhausted but Grounds One, Two, and Three are procedurally barred from federal habeas corpus review.

**Grounds One and Three**

In Ground One, Petitioner alleges ineffective assistance of counsel arguing counsel did not raise that the indictment for First degree burglary was flawed in his direct appeal. (Petition, doc.#1). In Ground Three, Petitioner argues counsel was ineffective because he did not argue that the eyewitness identification was tainted.

Respondent argues these issues are procedurally defaulted because Grounds One and Three were never raised and ruled upon in state court. Therefore, they were not preserved for review by

14

the South Carolina Supreme Court.

After a review of the record, this court finds Grounds One and Three are barred from federal review in that the issues were procedurally defaulted in state court under Coleman v. Thompson, 501 U.S. 722, (1991), because they were was not raised and ruled upon at PCR. Thus, these issues were not addressed by the state courts.

As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with

regard to Grounds One and Three.


**<u>Ground Two</u>**

In Ground Two, Petitioner asserts trial counsel was ineffective because: (a) he failed to request and review the transcript from Petitioner's first trial and (b) he did not check into Petitioner's juvenile conviction.

The portion of Ground Two that asserts trial counsel was ineffective because he failed to review the transcript from the first trial was raised and ruled upon by the PCR court. However, this issue was not raised in Petitioner's petition for writ of certiorari. Therefore, it is barred from review. In the second part of Ground Two, Petitioner argues that trial counsel was ineffective because he did not check into his juvenile conviction. However, this issue is procedurally defaulted in that it was not raised in the state courts. <u>Coleman v. Thompson</u>, <u>supra</u>. As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default.


**<u>Ground Four</u>**

In Ground Four of the petition, Petitioner asserts that the PCR judge erred in refusing to find trial counsel ineffective for failing to call an alibi witness. This issue was raised in the PCR application and in the appeal from the PCR Order of Dismissal.

Respondent argues that this issue lacks merit and Petitioner fails to show that the PCR Court unreasonably applied federal law in addressing this claim of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14

(1970). In the case of <u>Strickland</u> , <u>supra</u>, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) (quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added.)

In <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the

prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

A state court's finding on a claim of ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents may require this court under 28 U.S.C. §2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland, 466 U.S. 668, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. See Hoots v. Allsbrook, 785 f.2d 1214, 1219 & n. 6 (4th Cir. 1986) ("old" § 22254(d) standard) and Williams, supra.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

A review of the PCR transcript reveals the PCR judge concluded the following with regard to the ineffective assistance of counsel issue:

In an issue raised for the first time at the PCR hearing, Applicant testified he told

trial counsel that Kaundra Clisky[2] could serve as an alibi witness, but that counsel failed to call her. On cross-examination, Applicant admitted he had no independent recollection of having spent the time of the crime with Clisky, but contended he was reminded about it by a third person.

Clisky testified she was Applicant's mistress and that he was with her most days. He would arrive at her home around 5:00. She recalled telling trial counsel about her ability to serve as an alibi and remembered counsel saying she would be a witness, but counsel never notified her of trial or subpoenaed her. Clisky contended she had a diary to verify Applicant was with her and that the diary helped her with the details of his visits that month. On cross-examination, Clisky admitted she did  not want to see Applicant serve a life sentence in prison.

. . .

Counsel testified he interviewed Clisky several times and she told him she and Applicant spent the day together, not the night. Additionally, she was unable to say he spent every day with her, just most days. In short, she was unable to serve as an alibi for the time of the crime. For this reason, counsel concluded she would not have been a strong witness and made the strategic decision not to call her because it would cost the defense the right to close last. . . .

(Tr. 553-555).

The PCR court held as follows:

This Court finds that trial counsel employed valid strategic reasons for his decision not to call Ms. Clisky. On this issue, this Court notes that it found her testimony less than credible while also finding trial counsel's testimony credible. Despite her testimony at the PCR hearing that she could have served as Applicant's alibi for the time of the crimes, this Court finds trial counsel interviewed her and concluded based on what she told him that she would not be able to affirmatively testify that Applicant was with her during that time. Therefore, based on the information trial counsel had available to him, he properly determined she would not have been a good witness and was well within his province to make the strategic decision not to

---

[2] Carmen Delinby testified at the PCR hearing that she was Petitioner's mistress and was willing to testify as his alibi witness but was not called to testify by PCR counsel. In the PCR court's Order of Dismissal, it refers to the alibi witness as Kaunda Clisky. In the Petition for Writ of Certiorari counsel stated in a footnote as follows: "The order refers to the alibi witness as Kaunda Clisky. Counsel believes this is simply a mistake and the name should be listed as Carmen Delinby as listed in the PCR transcript."  (Petitioner for Writ of Certiorari, p. 4, footnote 1).

call her and thereby lose the right to close last. <u>McLaughlin v. State</u>, 353 S.C. 476, 575 S.E.2d 841 (2003) (holding where counsel articulates a valid reason for a particular trial strategy, his conduct will not be deemed ineffective assistance of counsel.)

Accordingly, this Court finds Applicant has failed to prove the first prong of the <u>Strickland</u> test–that trial counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has also failed to prove the second prong of <u>Strickland</u>–that he was prejudiced by trial counsel's performance. This Court concludes Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. <u>See</u> <u>Frasier v. State</u>, 351 S.C. at 389, 570 S.E.2d at 174.

Based on all the foregoing, this Court finds and concludes Applicant has not established any constitution violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

(Tr. 556-557).

The undersigned concludes that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. At the PCR hearing, trial counsel testified as follows with regard to deciding not to call the alibi witness:

She also was unable to specifically say that he had been at her house at the time of this crime. All she was able to testify to was he visited her on a normal day. He would arrive at her house at some time.

Based on that, I wasn't going to put her up as an alibi witness for him and thereby forfeit my right to argue last to the jury.

I asked her if there was any kind of evidence that they had been together that day, like a receipt from a restaurant or another witness that might have seen them together, or anything like that, and I was unable to nail it down solidly.

(Tr. 536-537).

The undersigned concludes that the PCR Court's determinations were not contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the record. Counsel interviewed the person that Petitioner said would be his alibi witness but concluded that she would not be a good witness in that she could not testify the Petitioner was with her during the time in question. Therefore, counsel made a strategic decision that he thought was best for Petitioner during the trial. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 844 F.2d 170 (4th Cir.1991).

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on this issue.


## VII.  CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #14) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
November 30, 2010                    United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**