# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| **LAHBORN ALLAH,** | ] |
| **Petitioner,** | ]     4:10-00040-MJP-TER |
| -vs- | ] |
| **LEROY CARTLEDGE,** | ]     **O R D E R** |
| **Respondent.** | ] |

This matter is before the court on the Magistrate Judge's Report and Recommendation that this court grant Respondent's motion for summary judgment. The Petitioner has filed timely objections to the Magistrate Judge's report and recommendation.

Petitioner is an inmate at McCormick Correctional Institution in McCormick, South Carolina. He was originally indicted by the Richland County Grand Jury in September 2004 for Assault with Intent to Kill, Kidnaping, Armed robbery and Burglary first degree. The defendant was convicted by a jury on April 3, 2002.[1] Thereafter, the state trial judge sentenced petitioner to life without parole on the first degree burglary conviction, thirty years confinement on the armed robbery conviction, ten years confinement on the assault with intent to kill conviction, all to be served concurrently. The sentence on the kidnaping charge was subsumed by the life sentence on the burglary conviction.

---

[1] Petitioner was represented by George McElveen at trial.

-1-

Petitioner filed a timely Notice of Appeal. On appeal he was represented by Daniel T. Stacey of the South Carolina Office of Appellate Defense. In his appeal, the Petitioner argued that the trial court erred when it refused to permit appellant to impeach a key witness and that his sentence of life without parole was cruel and unusual where the previous predicate offense occurred when appellant was only sixteen. On, September 10, 2003, the South Carolina Supreme Court dismissed Petitioner's appeal. The Remittitur was issued on September 26, 2003.

Thereafter, on January 8, 2004, Petitioner filed an Application for Post-Conviction Relief. In his petition, he asserted that he received ineffective assistance of counsel because his attorney failed to cover all lines of defense and investigation. After the state filed its Return, the Petitioner filed an Amended Application for Post-Conviction Relief. In his Amended Application, Petitioner first asserted that trial counsel was ineffective for failing to challenge the indictments in his case which were handed down prior to his receiving a preliminary hearing. Next, Petitioner alleged that his appellate counsel was ineffective for failing to challenge pre-indictment delay. Finally, Petitioner asserted that his trial counsel was ineffective in failing to adequately challenge the state's case based on the following: 1) the fact Petitioner was never picked out of a photo lineup; 2) the fact that there was no physical evidence of an assault, such as medical records; 3) the fact that the witness could not recall height and weight of the perpetrator; 4) the fact that the eye witness described car as a Chrysler; and 5) the State's failure for to review the transcript of his first trial that ended in a hung jury in February 2000.

On May 18, 2006 an evidentiary hearing was held on the Petitioner Post-Conviction Relief application. Petitioner was represented at the hearing by Tara Dawn Shurling. The Post Conviction Court denied Petitioner's application for relief.

Petitioner appealed the denial of his application for Post Conviction Relief. Petitioner

perfected his appeal by filing a Petition for a *Writ of Certiorari*. On appeal, Petitioner argued the Post Conviction Relief Judge erred in refusing to find his trial counsel ineffective for failing to call an alibi witness at his trial. The South Carolina Court of Appeals denied Petitioner's *Writ of Certiorari*. The Remittitur was issued on December 9, 2009.

On December 18, 2009, Petitioner filed the instant petition seeking *habeas corpus* relief. Petitioner asserts the following four grounds for relief in his *petition for habeas corpus:*

1) Ineffective Appellate Counsel

2) Ineffective counsel-failure to obtain & Reserch[sic] transcript for first trial (Hung Jury) & failure to look into juvenile case.

3) Direct Appeal lawyer failed to argue the trial judge error for allowing tainted identification.

4) P.C.R. Judge err in refusing to find trial counsel ineffective failing to call alibi witness.

The Respondent has filed a motion for summary judgment and Petitioner has filed a timely response to this motion.

This matter was referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC). The Magistrate Judge filed a Report and Recommendation on November 30, 2010. In his report the Magistrate recommends based upon his review of the matter, that the that Petitioner's application for a *writ of habeas corpus* should be denied and that the respondent's motion for summary judgement should be granted.

The Petitioner objects to the Magistrate Judge's Recommendation. The Court has carefully reviewed Petitioner's objections and finds the objections are merely restatements of his original grounds for *habeas* relief along with a disclaimer that he does not understand the law. Upon consideration, the objections are overruled.

In reviewing Petitioner's application for relief, the Court agrees with the Magistrate Judge

that Petitioner's Grounds One, Two and Three for relief are barred from review by this Court due to procedural default. Ground One for relief asserts that Petitioner received ineffective assistance of counsel due to his counsel's alleged failure to raise that the indictment for First degree burglary was flawed in his direct appeal. Ground Three for relief asserts that Petitioner's counsel was ineffective for failing to argue that eyewitness identification was tainted. The record indicates that Petitioner's Grounds One and Three were not raised or ruled upon in his application for post conviction relief before the state court and are barred from review by this Court.

In Ground Two of Petitioner's application he asserts that trial counsel was ineffective because (a) he failed to request and review the transcript from Petitioner's first trial and (b) did not check into Petitioner's juvenile conviction. The record indicates that the portion of Ground Two that asserts that trial counsel was ineffective because he failed to review the transcript from the first trial was raised and ruled upon by the Post Conviction Relief Court. Petitioner, however, did not raise this issue in his *writ of certiorari*. Thus, it is barred from review by this Court. Next, in the second part of Ground Two, Petitioner asserted that trial counsel was ineffective because he failed to check into petitioner's juvenile conviction. This issue was not raised by the Petitioner in the state court proceedings, therefore, it is procedurally defaulted. Additionally, Petitioner has not presented this Court with sufficient cause and prejudice to excuse these procedural defaults.

Finally, in Ground Four of his petition for relief, Petitioner contends that the Post Conviction Relief judge erred in failing to find his trial counsel ineffective for not calling an alibi witness. This issue was raised before the state court. At the State Post Conviction hearing, the Petitioner's attorney testified that he made a strategic decision not to call the alibi witness that Petitioner now contends was error. The State Post Conviction Court evaluated counsel's failure to call the witness in question under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984) . The State Post

Conviction Court concluded that Petitioner did not meet his burden of proving that his trial counsel had failed to render reasonably effective assistance of counsel. The Court has reviewed the record and has determined that trial counsel made a strategic decision not to call the alibi witness. Trial counsel did what he deemed to be in the best interest of his client. This Court cannot second guess counsel's trial strategy and tactics. Goodson v. United States, 564 F. 2d 1071, 1072 (4th Cir. 1977). Therefore, the Court denies Petitioner's Fourth Ground for Relief.

Accordingly, upon thorough review of the record in this case, and for the reasons more fully set forth herein and in the Magistrate Judge's Report and Recommendation, the Petitioner's application for relief is **Denied** and the Respondent's motion for summary judgment is **GRANTED**.

To the extent that petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.[2]

IT IS SO ORDERED.

               **s/Matthew J. Perry, Jr.**
               **SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina,**
**February 25, 2011**

---

[2]The governing law provides that:

(c)(2) A certificate of appealability may issue... only if the applicant has made a substantial showing of a the denial of a constitutional right.
(C)(3) The certificate of appealability.. Shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. §2253(c). The prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).